## Commonwealth v. Hunsinger

566

*Maryann Conway, assistant district attorney,* for the Commonwealth.

*Frank Robert Cori,* for defendant.

RUBRIGHT, *J.,* February 6, 1991—This matter is before the court on defendant's motion to dismiss on the grounds that his prosecution for driving under the influence is barred by the Fifth Amendment's double jeopardy clause based upon the U.S. Supreme Court's decision in *Grady v. Corbin,* 495 U.S. __, 110 S.Ct. 2084, 109 L.Ed 2d 548 (1990). The parties have agreed to submit the matter to the court on a stipulation of facts.

The stipulation sets forth the following facts: Defendant was arrested in the Borough of McAdoo on June 17, 1989. As a result, on June 18, 1989, the McAdoo Police filed three traffic citations charging defendant with the following summary violations of the Motor Vehicle Code: driving while operating privilege is suspended or revoked, 75 Pa.C.S. §1543(b); reckless driving, 75 Pa.C.S. §3714; and traffic control signs, 75 Pa.C.S. §3112(a)(3)(i). As a further result, the McAdoo Police, on June 19, 1989, filed a criminal complaint against the defendant charging him with driving under the influence of alcohol, 75 Pa.C.S. §3731(a)(1), (4). A preliminary hearing was held on May 29, 1990, after which the district justice found the defendant guilty of the summary offenses and bound the driving under the influence charges over for court.

Although the stipulation does not address this issue, the court notes that the district attorney has charged in the information only a violation of section 3731(a)(1). The district attorney apparently realized that he could not prove a violation of section 3731(a)(4) because defendant refused to submit to a blood test. Therefore, we are concerned here only with whether the prosecution on the charge that the defendant was driving under the influence of alcohol to a degree which rendered him incapable of safe driving is barred due to his conviction on the summary offenses.

In *Grady v. Corbin, supra,* the U.S. Supreme Court expanded the protection under the double jeopardy clause to bar a subsequent prosecution where, "to establish an essential element of an offense charged in that prosecution, [the government] will prove conduct that constitutes an offense for which the defendant has already been prosecuted." 109 L.Ed 2d at 564 (1990). In a prosecution under section 3731(a)(1) it is necessary to prove the defendant drove, operated, or was in actual physical control of the movement of a motor vehicle while under the influence of alcohol to a degree which rendered him incapable of safe driving. The holding in *Grady v. Corbin, supra,* precludes the Commonwealth from establishing that defendant was incapable of safe driving by showing that he drove recklessly or failed to abide by traffic control signs. The Commonwealth has not offered to present any other evidence to show that defendant was incapable of safe driving. Based upon the affidavit of probable cause completed by the arresting officer, we find that the Commonwealth would not have any evidence other than the defendant's having run a red light, crossed over a double yellow line, and come to a "jerky" stop in order to substantiate the driving

under the influence charge. Therefore, we must find that the prosecution is barred and we enter the following

## ORDER

And now, February 6, 1991, upon consideration of the stipulated facts and the record, it is hereby ordered that the defendant's motion to dismiss based upon double jeopardy grounds is sustained.